**THOMAS J. FERRITO**
**Attorney At Law**
  **SBN 45133**
**101 Church Street, Suite 14**
**Los Gatos, California 95030-6928**
   **Telephone: (408) 354-6655**
   **Facsimile: (408) 354-6585**

Attorney for Defendant
JOSE EZEQUIEL MONROY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | NO. CR-11-00656 LHK |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | SENTENCING MEMORANDUM |
| | ] | ON BEHALF OF DEFENDANT |
| | ] | JOSE EZEQUIEL MONROY |
| JOSE EZEQUIEL MONROY, | ] | |
| | ] | |
| | ] | |
| Defendant. | ] | |

In accordance with Local Rule 32-5(b) defendant JOSE EZEQUIEL MONROY respectfully submits through counsel this Sentencing Memorandum.

Defendant JOSE EZEQUIEL MONROY does not dispute the Sentencing Guideline analysis upon which the USPO based his recommended concurrent sentences of 188 months on Count 1 and 120 months on Count 2.

---

However, he asks the court to consider whether, at his age 61 (62 on May 20), a sentence of 188 months (15.5 years) would amount to a life sentence.

According to the Henry J. Kaiser Family Foundation website, the life expectancy at birth in 2009 for a male born in Mexico was 73 years, four and one half years less than age 77.5 which the defendant would be at the completion of this sentence. Even if he served 85% of this sentence, he would be over than 75 years of age when released, more than two years past his life expectancy. Credit for approximately 1.5 years of pre-sentence custody would still result in an effective life sentence.

While acknowledging in USSG 5H1.1 that "[A]ge may be relevant in determining whether a departure is warranted", the Guidelines are not adjusted for age. In addition to age, the defendant suffers from problems with his pancreas, high blood pressure, arthritis, gout and low back pain recognized in USSG 5H1.4. A Guideline sentence of 188 months imposed upon this defendant with these health issues would be much harsher than the same sentence imposed upon a younger healthy person who at least has some expected life remaining after completion of his sentence.

While, the defendant's criminal record cannot be excused, it appears to be a result of an impoverished childhood devoid of adequate emotional support, education and food. (PSR, para. 59-

61) An adult without educational or vocational resources, he owns nothing of value and subsides on an estimated income of only $700.00 per month. (PSR, para. 71) He can hardly be called a high level meth and guns dealer.

As recognized in the PSR recommendation, absent his designation as a career criminal pursuant to the guidelines, "the defendant would have been facing a Total Offense Level 29, with a Criminal History Category IV, which would have yielded a guideline range of 121 to 151 months.

The Rule 11(c)(1)(C) plea agreement recognizes this in that it provides for a sentence range of not less than 120 months or more than 188 months.

Accordingly, the court is urged to sentence the defendant to <u>120 months</u> so that he can, after serving his sentence and as is likely being deported to Mexico, spend his last days with his children who live there. (PSR, para. 65) Such a sentence would be sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing pursuant to 18 U.S.C. Section 3353(a).

Dated: March 25, 2013.

                                                          _____
THOMAS J. FERRITO
Attorney for Defendant
JOSE EZEQUIEL MONROY

SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT JOSE EZEQUIEL MONROY

3