MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DANIEL R. KALEBA (CABN 223789)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5061
   Fax:  (408) 535-5066
   E-Mail:  daniel.kaleba@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-00656 LHK |
| Plaintiff, ) | |
| v. ) | UNITED STATES' SENTENCING MEMORANDUM |
| JOSE EZEQUIEL MONROY, ) a/k/a Jesus Alatorre, ) a/k/a "Huesos" or "Bones," ) | |
| Defendant. ) | |

     The United States respectfully requests this Court accept the plea agreement submitted under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  The government agrees with the Probation Office that the defendant is a Career Offender pursuant to United States Sentencing Guidelines section 4B1.1(b).  As such, the government agrees that the Total Offense Level is 31, and the applicable Criminal History Category is VI.  The government recommends a sentence of imprisonment of 188, at the low end of the Career Offender Guidelines range.

     The parties agreed to a binding range of 120 to 180 months imprisonment, 10 years of supervised release (with conditions to be fixed by the Court), no fine, and a $200 special assessment.  The government believes that a downward variance below 188 months is

PLEA AGREEMENT

1  unwarranted in the present case.  The defendant's criminal history demonstrates multiple and
2  repeated instances of drug trafficking offenses, firearms possession, and crimes of violence.  He
3  has been selling drugs, and possessing firearms, for at least the past twenty five years.  He has
4  three prior convictions for drug trafficking offenses.  (PSR ¶¶ 39, 40, and 45).  The 1991
5  conviction involved his possession of seven firearms, including a loaded .38 caliber semi-
6  automatic pistol, and over $12,000 worth of cocaine and methamphetamine.  Due to his prior
7  criminal behavior, the defendant is more culpable than a first offender, and deserving of greater
8  punishment.

9       Because of his alienage and his criminal record, the defendant is prohibited from
10 possessing any firearms.  Nevertheless, during the instant offense he sold five firearms.  These
11 weapons were not just sporting rifles, either.  He sold a TEC-DC9 pistol, with thirty (30) rounds
12 of 9mm ammunition, and a thirty (30) round, high capacity firearm "drum" magazine.  A photo
13 of the firearm and drum magazine is attached as Exhibit A to this memorandum.  He later sold a
14 12-gauge Winchester shotgun, a Norinco MAK-90 assault rifle, a .38 caliber Charter Arms
15 revolver, and a 12-gauge Mossberg shotgun.  Photos of these firearms are included as Exhibit B
16 to this memorandum.

17      The defendant reserved in his plea agreement the ability to contest his participation in the
18 March 2, 2010 sale of methamphetamine (though not the sale of the MAK-90 assault rifle), and
19 its consideration by this Court as relevant conduct.  The defendant, however, does not object to
20 the factual basis of the March 2 drug transaction described in the PSR (¶¶ 13 and 14), and does
21 not submit any evidence to the government or this Court contesting the drug sale.  Accordingly,
22 this drug transaction should be considered as relevant conduct, and the government agrees with
23 the computation of the drug weight by the Probation Office.

24      The defendant is a danger to the community.  The combination of drugs plus firearms,
25 including high capacity magazines and assault rifles, pose unnecessary and unjustifiable risks to
26 society.  His repeated recidivism and the nature of the present criminal conduct show a tangible
27 need to protect the community from further crimes of the defendant.  Concerning his present age
28 and nationality, the defendant has demonstrated that he willingly returns to the United States

PLEA AGREEMENT                                    2

from Mexico and engages in dangerous conduct well into his late fifties. This Court should not accept his word now that he has finally learned his lesson, and will peacefully return to Mexico and spend the remainder of his days. While the plea agreement grants the defendant the ability to argue for a downward variance to 120 months, the government does not believe that such a sentence is substantively reasonable or appropriate in the present case.

      Consequently, the government recommends that this Court accept the binding agreement and sentence the defendant to 188 months imprisonment followed by 10 years of supervised release.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: March 27, 2013

/s/
DANIEL R. KALEBA
Assistant United States Attorney

PLEA AGREEMENT       3