1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12  | UNITED STATES OF AMERICA,

Plaintiff,

13

14  |       v.

15  | JOSE EZEQUIEL MONROY,

16  |       Defendant.

Case No. 11-CR-00656-LHK

**ORDER GRANTING SENTENCE REDUCTION**

Re: Dkt. No. 48

17

18     Defendant Jose Ezequiel Monroy ("Defendant") is currently in the custody of the Bureau

19  of Prisons ("BOP") at the Reeves I & II Correctional Institution ("Reeves") in Pecos, Texas.

20  Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No.

21  49.  The government does not oppose Defendant's motion. *See* United States Response to

22  Defendant's Motion for Compassionate Release From Custody at 1, ECF No. 50 ("Resp."). For

23  the reasons set forth below, the Court GRANTS Defendant's motion for a sentence reduction.

24  **I.     BACKGROUND**

25     On January 9, 2013, Defendant pled guilty to possession with intent to distribute and

26  distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and felon in possession of a

27  firearm in violation of 18 U.S.C. § 922(g)(1). *See* ECF Nos. 36, 40. On April 3, 2013, the Court

28

1

United States District Court
Northern District of California

United States District Court
Northern District of California

1  sentenced Defendant to 156 months in custody and 10 years of supervised release per a binding

2  plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* ECF No. 39; ECF

3  No. 40 at 2–3.

4       On July 7, 2016, Defendant filed a motion requesting a sentence reduction pursuant to

5  United States Sentencing Guideline Amendment 782, effective November 1, 2014, which reduced

6  the base offense levels in the Drug Quantity Table for drug trafficking offenses. ECF No. 43.

7  Because Defendant was sentenced as a career offender, Defendant was not eligible for such a

8  sentence reduction. ECF No. 46 at 1–2. Accordingly, this Court denied Defendant's motion on

9  November 29, 2016. *Id.*

10       Relevant to the instant motion is the fact that Defendant has been in continuous federal

11  custody since September 23, 2011, and thus has served more than 110 months in custody for the

12  instant offenses. Assuming Defendant qualifies for good time credits, Defendant's projected

13  release date is March 1, 2023. *See* Federal Bureau of Prisons, *Find an Inmate*,

14  https://www.bop.gov/inmateloc/ (last visited Dec. 14, 2020). Thus, Defendant has served more

15  than 70% of his sentence. Assuming good time credits, Defendant has served more than 80% of

16  his sentence.

## II.    LEGAL STANDARD

18       18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment

19  . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A

20  defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to

21  appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of

22  30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

23  earlier." 18 U.S.C. § 3582(c)(1)(A).

24       "[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court

25  may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a

26  court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant

27  such a reduction" and that "such a reduction is consistent with applicable policy statements issued

28

Case No. 11-CR-00656-LHK
ORDER GRANTING SENTENCE REDUCTION

United States District Court
Northern District of California

1  by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The relevant Sentencing Commission policy

2  statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines

3  ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when

4  the defendant is "suffering from a serious physical or medical condition . . . that substantially

5  diminishes the ability of the defendant to provide self-care within the environment of a

6  correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt.

7  1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the

8  community. *Id.* § 1B1.13(2).

9  **III.    DISCUSSION**

10        In analyzing whether a defendant is entitled to a sentence reduction under 18 U.S.C.

11  § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a

12  defendant must exhaust his administrative remedies.[1] Second, a defendant must establish that the §

13  3553(a) sentencing factors "are consistent with" granting a motion for a sentence reduction.

14  *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must

15  demonstrate that "extraordinary and compelling reasons"—as defined by the applicable

16  Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C.

17  § 3582(c)(1)(A)(i).

18        As to the first requirement, exhaustion, the government concedes that Defendant exhausted

19  his administrative remedies by filing a request for relief with the warden of Reeves. Resp. at 1; *see*

20  18 U.S.C. § 3582(c)(1)(A) (allowing a court to modify a term of imprisonment "upon motion of

21  the defendant after . . . the lapse of 30 days from the receipt of such a request [to bring a motion on

22

23  _____

24  [1] Courts disagree as to whether Section 3582's exhaustion requirement is jurisdictional and subject
    to equitable exceptions. *Compare United States v. Connell*, --- F. Supp. 3d ---, 2020 WL 2315858,

25  at *2-5 (N.D. Cal. May 8, 2020) (finding "Section 3582's exhaustion provision is . . . not
    jurisdictional" and subject to equitable exceptions), *with United States v. Reid*, 2020 WL 1904598,

26  at *4 (N.D. Cal. Apr. 18, 2020) ("The Court cannot forgive the failure to exhaust, and without

27  exhaustion, the Court lacks jurisdiction over the motion [for compassionate release]."). However,
    the Court need not reach this issue because Defendant has exhausted his administrative remedies.

28  Case No. 11-CR-00656-LHK
    ORDER GRANTING SENTENCE REDUCTION

United States District Court
Northern District of California

1  defendant's behalf] by the warden of the defendant's facility").

2      As a result, only the second and third requirements are at issue in the instant case. In its

3  response, the government concedes that Defendant has demonstrated that extraordinary and

4  compelling reasons warrant a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A), and that

5  the § 3553(a) sentencing factors are consistent with granting the motion for a sentence reduction.

6  The government therefore does not oppose Defendant's request to reduce Defendant's sentence to

7  time served. Resp. at  2–3. The Court agrees.

8      **A.      Extraordinary and Compelling Reasons**

9      A court may reduce a defendant's sentence if it finds "extraordinary and compelling

10  reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy

11  statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant

12  Sentencing Commission policy statement enumerates several "extraordinary and compelling

13  reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. As mentioned above, a defendant fulfills one of

14  these reasons when the defendant is "suffering from a serious physical or medical condition . . .

15  that substantially diminishes the ability of the defendant to provide self-care within the

16  environment of a correctional facility and from which he or she is not expected to recover." *Id.*

17  § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the

18  safety of the community. *Id.* § 1B1.13(2).

19      In the instant motion, Defendant, who is now 69 years old, asserts that he suffers from

20  multiple health conditions, including: (1) hypertensive heart disease (resulting from his high blood

21  pressure); (2) hyperlipidemia (increased risk for heart attack/stroke); (3) neutropenia (an

22  abnormally low number of white blood cells); and (4) gastroesophageal reflux disease with

23  esophagitis, which results in pancreas pain. Mot. at 7. The Probation Office confirms that

24  Defendant suffers from these four conditions. ECF No. 49 at 3. Defendant's presentence report

25  confirms that some of these conditions have been longstanding. At the time of Defendant's

26  sentencing, Defendant had high blood pressure, for which he took medication, and Defendant had

27  experienced pancreas pain. *Id.*

28

4

United States District Court
Northern District of California

1   The government concedes that Defendant's medical records demonstrate that he suffers

2   from "certain medical issues, including chronic heart disease, that make him more vulnerable to

3   becoming seriously ill should he contract COVID-19." Resp. at 2. The government also

4   acknowledges that "[c]hronic heart disease, like [Defendant's], increases his risk for severe illness

5   from COVID-19." *Id.* The CDC website confirms that individuals with heart conditions and other

6   cardiovascular and cerebrovascular diseases have an increased risk of severe illness from COVID-

7   19. *See People with Certain Medical Conditions*, *Heart Conditions and Other Cardiovascular and*

8   *Cerebrovascular Diseases*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

9   precautions/people-with-medical-conditions.html#heart-conditions.

10   The government further concedes that Defendant's age, 69 years old, "places him in a

11   higher risk category" if he were to contract COVID-19. Resp. at 2. The government acknowledges

12   that "the risk for severe illness with COVID-19 increases with age, with older adults at higher

13   risk." *Id.* The CDC confirms that "[o]lder adults are at greater risk of requiring hospitalization or

14   dying if they are diagnosed with COVID-19." *See Older Adults*, CDC,

15   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

16   Finally, the government concedes that "[b]ased on the available information, there is a

17   basis to conclude [Defendant] does not present a danger to the community." Resp. at 1. The Court

18   notes that, according to Bureau of Prisons records, Defendant has a security classification of low

19   and has a low risk of recidivism. ECF No. 48 Exh. A. Moreover, Defendant "has only received

20   two incident reports and has satisfactory conduct while in custody," which has permitted him to

21   earn 402 days of good time. ECF No. 49 at 3–4.

22   In sum, the government does not contest that Defendant "presents extraordinary and

23   compelling reasons, as required under USSG § 1B1.13 cmt. n.1(A)." *Id.* at 2–3. The Court agrees.

24   Because of Defendant's age of 69 years and Defendant's chronic heart disease, hyperlipidemia,

25   neutropenia, and gastroesophageal reflux disease, the Court finds that Defendant has demonstrated

26   extraordinary and compelling reasons that warrant a sentence reduction pursuant to 18 U.S.C. §

27   3582(c)(1)(A)(i).

28

Case No. 11-CR-00656-LHK
ORDER GRANTING SENTENCE REDUCTION

**B.  Section 3553(a) Sentencing Factors**

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts also "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

Here, the government concedes that it "is unaware of any factor under 18 U.S.C. § 3553(a) that counsels against granting the request for a reduction of sentence in this instance, and several factors . . . may weigh in his favor." Resp. at 2. The government thus concludes that "the re-balancing of the Section 3553(a) factors warrant the Court reducing the sentence to time-served." *Id.* at 1. The Court agrees for several reasons.

First, in conducting the § 3553(a) analysis, courts must "consider . . . the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). As courts have concluded, defendants are "unlikely to be able to get the medical care [they] need[] [while imprisoned] in the midst of the pandemic." *Connell*, 2020 WL 2315858, at *6. The Court has already discussed above how Defendant's chronic heart disease, hyperlipidemia, neutropenia, and gastroesophageal reflux disease constitute extraordinary and compelling reasons that warrant a sentence reduction. *See* pp. 4–5, *supra*.

Second, Defendant has served more than 110 months in custody. Assuming good time credits, Defendant's projected release date is March 1, 2023. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 14, 2020). Thus, Defendant has served more than 70% of his sentence. Assuming good time credits, Defendant has served more than 80% of his sentence.

Case No. 11-CR-00656-LHK
ORDER GRANTING SENTENCE REDUCTION

1    Finally, Defendant will not be released to home confinement to serve the remainder of his
2 prison term. When Defendant's motion is granted, Defendant will be deported. Defendant is a
3 citizen of Mexico with an active ICE detainer. ECF No. 49 at 4. Thus, this Court follows other
4 cases that have granted a sentence reduction to defendants with immigration detainers, reduced the
5 defendants' sentences to time served, and ordered that the defendants be released to Immigration
6 and Customs Enforcement custody for removal. *See, e.g.*, *United States v. Gudino*, 2020 WL
7 7319432, at *4 (N.D. Cal. Dec. 11, 2020) (reducing sentence to time served and ordering that
8 "Defendant shall enter the custody of Immigration and Customs Enforcement pursuant to
9 Defendant's detainer for removal to Mexico"); *United States v. Guntipally*, 2020 WL 6891827, at
10 *5 (N.D. Cal. Nov. 23, 2020) (reducing sentence to time served and ordering release "into the
11 custody of Immigration and Customs Enforcement pursuant to Defendant's detainer for removal
12 to India."); *United States v. Juarez-Parra*, 2020 WL 5645703, at *5 (D.N.M. Sept. 22, 2020)
13 (reducing sentence to time served and ordering release "into the custody of ICE for removal to
14 Mexico"); *United States v. Acevedo*, 2020 WL 3182770, at *4 (S.D.N.Y. June 15, 2020)
15 ("Defendant's application is GRANTED.  Defendant shall be released into the custody of ICE for
16 removal to Mexico."); *United States v. Bennett*, 2020 WL 2539077, at *2 (S.D.N.Y. May 18,
17 2020) ("Considering all of the circumstances raised by Mr. Bennett's motion, and especially that
18 ICE will deport him forthwith upon his release, the Court is prepared to grant Mr. Bennett's
19 motion . . . ."); *United States v. Ardila*, 2020 WL 2097736, at *2 (D. Conn. May 1, 2020) (after
20 reducing sentence to time served and ordering release from Bureau of Prisons ("BOP") custody,
21 stating that "[u]pon release from BOP custody [defendant] shall enter the custody of Immigration
22 and Customs Enforcement pursuant to his underlying detainer").
23    Accordingly, the Court concludes that the § 3553(a) sentencing factors weigh in favor of
24 granting Defendant's motion for a sentence reduction.
25 **IV.    CONCLUSION**
26    For the foregoing reasons, the Court GRANTS Defendant's motion for a sentence
27 reduction. Defendant's sentence is reduced to time served. Defendant shall be released from the

28

Case No. 11-CR-00656-LHK
ORDER GRANTING SENTENCE REDUCTION

United States District Court
Northern District of California

1   custody of the Bureau of Prisons. Upon release from the custody of the Bureau of Prisons,

2   Defendant shall enter the custody of Immigration and Customs Enforcement pursuant to

3   Defendant's detainer for removal to Mexico.

4   **IT IS SO ORDERED.**

5

6   Dated:  December 14, 2020

7   _____

8   LUCY H. KOH
    United States District Judge

Case No. 11-CR-00656-LHK
ORDER GRANTING SENTENCE REDUCTION